IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHONARI WARREN,** | : CIVIL NO. 1:12-CV-1819 |
| Petitioner | : |
| | : **(Judge Rambo)** |
| v. | : |
| | : **(Magistrate Judge Mehalchick)** |
| **DEBRA SAUERS,** *et al.*, | : |
| Respondents | : |

# **M E M O R A N D U M**

Before the court is an October 8, 2014 report and recommendation of the magistrate judge (Doc. 36) in which she recommends that the petition filed by Petitioner Shonari Warren pursuant to 28 U.S.C. § 2254 be dismissed. In his petition, Warren raised the following issues:

(1) Warren was denied the effective assistance of counsel at trial because his trial counsel failed to move to suppress an out-of-court eyewitness identification based on an allegedly unduly suggestive photographic line-up;

(2) Warren was denied the effective assistance of counsel at trial because his trial counsel failed to adequately impeach the testimony of prosecution witnesses Nicole Brown and William Brown; and

(3) Warren was denied the effective assistance of counsel in post-conviction collateral proceedings because his initial-review PCRA counsel failed to adequately advance his claim regarding impeachment of the Browns' testimony in the Court of Common Pleas, and his appellate PCRA counsel declined to present the claim at all on appeal from the Court of Common Pleas to the Superior and Supreme Courts of Pennsylvania.

As to claim one, the magistrate judge thoroughly discussed the requirements set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and found

that the state appellate court's decision on this issue was a reasonable application of *Strickland*. The magistrate judge found that the finding by the Superior Court of Pennsylvania that Warren that had not satisfied neither the "performance" nor the "prejudice" prong of *Strickland* was supported by the state record.

As to claim three, the magistrate judge recommended dismissal pursuant to 28 U.S.C. § 2254(I), which states:

> (I) The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

This recommendation will be adopted.

As to claim two, the magistrate judge recommended dismissal because this claim was not presented to the Superior Court by counsel of record. Warren claims he presented this issue to the Superior Court on his *pro se* briefs. The magistrate judge, citing *Com. v. Ellis*, 534 Pa. 176 (1993), found that a state court will not entertain *pro se* briefs where a litigant is represented by counsel. Warren argues that he was not represented by counsel when he filed is *pro se* petition before the Superior Court.

Upon review of the record of the Pennsylvania Superior Court, it appears that on June 22, 2009, Warren filed a *pro se* notice of appeal in which he raised his claim two. The Pennsylvania Superior Court remanded the case back to the PCRA court to conduct a hearing to determine if Warren desired to proceed *pro se* on appeal. (Doc. 13-2 at p. 5.)

By order of this court dated December 11, 2014 (Doc. 40), respondents were directed to expand the record as to what transpired before the PCRA court as a result of that remand. Respondents complied on February 13, 2015 (Doc. 44).

It appears from Respondents' filings that the PCRA court conducted a hearing on February 28, 2011.  At that hearing, new counsel was appointed to represent Warren on his appeal from the PCRA court ruling.  On appeal, court appointed counsel did not raise claim two and therefore that claim is unexhausted.

The fact that Warren alleges he filed his *pro se* petition before he was appointed counsel is to no avail.  In *Com. v. Ellis*, 534 Pa. 176 (1993), the Pennsylvania Supreme Court upheld the Pennsylvania Superior Court's ruling in *Com. v. Ellis*, 398 Pa. Super. 543 (1990), which held there is no right of self-representation together with counseled representation regardless of when the *pro se* brief was filed.  534 Pa. at 180.  Therefore, claim two was not fairly presented to the Pennsylvania Superior Court and is therefore unexhausted.

The report and recommendation will be adopted in its entirety.  An appropriate order will be issued.

s/Sylvia H. Rambo<br>
United States District Judge

Dated:  February 24, 2015.