IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHONARI WARREN,** | : | **CIVIL NO. 1:12-CV-1819** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Mehalchick) |
| **DEBRA SAUERS,** *et al.*, | : | |
| Respondents | : | |

## M E M O R A N D U M

Before the court is a motion by Plaintiff, Shonari Warren, to alter or amend the February 24, 2015 judgment entered in this case. The motion is filed pursuant to Federal Rule of Civil Procedure 59(e) – a motion for reconsideration.

**I.      Background**

Warren filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition raised the following issues:

(1)  Warren was denied the effective assistance of counsel at trial because his trial counsel failed to move to suppress an out-of-court eyewitness identification based on an allegedly unduly suggestive photographic line-up;

(2) Warren was denied the effective assistance of counsel at trial because his trial counsel failed to adequately impeach the testimony of prosecution witnesses Nicole Brown and William Brown; and

(3) Warren was denied the effective assistance of counsel in post-conviction collateral proceedings because his initial-review PCRA counsel failed to adequately advance his claim regarding impeachment of the Browns' testimony in the Court of Common Pleas, and his appellate PCRA counsel declined to present the

claim at all on appeal from the Court of Common Pleas to the Superior and Supreme Courts of Pennsylvania.

The petition was referred to a United States magistrate judge who filed a report (Doc. 36) in which she recommended that the petition be dismissed with prejudice. Warren filed objections (Doc. 39) to the report and recommendation. His objection was focused on the disposition of item two raised in the petition. The District Attorney of Dauphin County filed a reply brief to the objections (Doc. 44). On February 24, 2015, the undersigned filed a memorandum and order (Docs. 46 & 47) adopting the report and recommendation of the magistrate judge.

The magistrate judge recommended dismissal of claim two because that claim was not presented to the Superior Court by counsel of record. (*See* Doc. 46 at p. 2.) Warren, in the instant motion, alleges that the magistrate judge and the undersigned judge did not address the merits of claim two and continues to argue that he properly presented claim two to the Superior Court.

## II.      **Motion for Reconsideration Standard**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above*

*the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).  Warren's motion will be evaluated on this standard.

### III.    Discussion

Warren does not state how this court and the magistrate judge "unreasonably applied the law" and requests that this court give meaningful review of claim two.  Warren insists that he presented this claim himself.  However, he has failed to address this court's finding that the Pennsylvania Supreme Court and the Pennsylvania Superior Court have held that there is no right of self-representation together with counseled representation.  Since Warren was represented by counsel on appeal from his PCRA court ruling, counsel's brief took precedent on appeal and claim two was not fairly presented to the Pennsylvania Superior Court.

### IV.    Conclusion

For the reasons stated above, Warren's motion for reconsideration will be denied.  An appropriate order will be issued.

                                                              s/Sylvia H. Rambo
                                                              United States District Judge

Dated:  April 8, 2015.