IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHONARI WARREN,** | : | **Civil No. 1:12-cv-1819** |
| | . | |
| **Petitioner,** | : | |
| | . | |
| **v.** | : | |
| | . | |
| **DEBRA SAUERS, et al.,** | : | |
| | . | |
| **Respondent.** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

The background of this memorandum is as follows: On September 11, 2012, Petitioner Shonari Warren filed a petition for a writ of habeas corpus. (Doc. 1.) The matter was referred to a magistrate judge who filed a report and recommendation. (Doc. 36.) A supplemental report was filed on February 24, 2015. (Doc. 46.) The court adopted the report and recommendation that same day. (Doc. 47.) On March 30, 2015, Warren filed a notice of appeal, and on April 8, 2015, he filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 56.) In a memorandum and order dated April 8, 2015, the motion was denied. On January 5, 2016, the United States Court of Appeals for the Third Circuit declined to grant Warren a certificate of appealability.

Now before the court is a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 59.) This document raises issues previously raised or that could have been raised, *i.e.*, (1) federal review under the

AEDPA, 28 U.S.C. § 2254(d), constituted a defect in the habeas process; (2) the magistrate judge's review was defective; (3) the district judge failed a *de novo* review; (4) the district court erred in ruling that Warren's "claim 2" was procedurally defaulted; and (5) the court's Strickland analysis was in error.

The motion amounts to a second or successive § 2254 petition. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion in a habeas case should be treated as a second or successive § 2254 petition if it advances a claim for habeas relief.

A second or successive petition must seek authorization from the Court of Appeals before this court can entertain such a petition. 28 U.S.C. § 2244(a)(3). This has not been done by Warren.

The motion will be denied.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 12, 2017